JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV13-00791-RGK (DTBx) | Date | May 16, 2013 |
|---|---|---|---|
| Title | *WENDY MILLER v. LOWE'S HIW, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On March 4, 2013, Wendy Miller ("Plaintiff"), filed suit against former employer, Lowe's HIW, Inc. ("Defendant"). In her Complaint, Plaintiff asserts state claims for Retaliation and Wrongful Termination in Violation of Public Policy.

On April 30, 2013, Defendant removed the action to this Court alleging diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Defendant adequately shows that the parties are citizens of different states. However, Defendant attempts to show that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

Defendant calculates the amount in controversy by making significant assumptions unsupported by facts. Specifically, Defendant states that, at the time Plaintiff was terminated, her hourly rate of pay was $20.45 per hour. This amount is supported by evidence. However, Defendant then uses 40 hours per week to calculate Plaintiff's annual income of $42,536. Based on this figure, Defendant concludes that the amount in controversy is met because lost wages from the date of termination to the time of trial would be at least $88,617 (assuming 1 year of pre-trial litigation), and attorneys' fees could exceed $22,154 (25% of damages). Defendant's calculation is unconvincing, however, because Defendant fails to set forth facts supporting its assertion that Plaintiff worked 40 hours per week. Therefore, Defendant merely assumes a 40 hour work week. Equally valid assumptions could be made that result in damages less than $75,000. Even with the inclusion of attorneys' fees in the calculation, Defendant's assertion

fails because there is no factual basis for estimating the amount in damages. Without any evidence supporting Defendant's assumptions, the Court finds that Defendant fails to satisfy its burden to show that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                               : 
Initials of Preparer